UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COSTAL & GULF MARINE TRANSPORT, LLC | CIVIL ACTION |
| | No. 18-70 |
| VERSUS | |
| EASTERN BARGE SERVICES, INC. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 46)** filed by Plaintiff, Coastal & Gulf Marine Transport, LLC, and an opposition thereto (Rec. Doc. 47) filed by Defendant, Eastern Barge Services. Plaintiff has also filed a reply (Rec. Doc. 52). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This Supplemental Rule D action arises from an ownership dispute regarding the M/V MISS ANN ("MISS ANN"). In 2012, Plaintiff, Coastal & Gulf Marine Transport, LLC ("CGMT"), contracted with Raymond & Associates, LLC ("R & A"), to build the MISS ANN. Following the completion of the vessel, CGMT entered into an oral bareboat charter agreement with Defendant, Eastern Barge Services ("EBS"), for the MISS ANN to trade in the vicinity of Houma, Louisiana. At that time, CGMT was composed of two 50%

members: Linda Marra and Roy White.  EBS, on the other hand, was wholly owned by Roy White.

On January 5, 2017, Roy White died intestate.  CGMT alleges that shortly thereafter, John White, the administrator of Roy White's estate, unilaterally terminated the charter agreement between CGMT and EBS.  CGMT also alleges that EBS has maintained possession and now claims ownership of the vessel.  On January 2, 2018, Linda Marra initiated the instant lawsuit on behalf of CGMT, seeking a decree that CGMT is the true and lawful owner of the MISS ANN.  In addition, CGMT simultaneously moved for an issuance of a warrant of arrest, and the vessel was subsequently arrested on January 10, 2018.[1]  Following the arrest, the Court held a show cause hearing, after which it concluded that CGMT had shown sufficient cause to maintain the arrest.

CGMT now moves for judgment as a matter of law that it is the true and lawful owner of the MISS ANN.  EBS has filed a timely opposition, and CGMT has filed a reply.  The motion is now before the Court on the briefs and without oral argument.

## **PARTIES' ARGUMENTS**

CGMT argues that it is the *de jure* owner of the MISS ANN, as evidenced by a bill of sale, which conveys to CGMT title to the MISS ANN, and various certificates of documentation issued by the

---

[1] (Rec. Docs. 12, 17).

2

United States Coast Guard ("USCG"), which list CGMT as the owner of the vessel. In addition, CGMT maintains that documented vessels, such as the MISS ANN, must be transferred via a bill of sale, and EBS has failed to cite to a bill of sale, or any other document, evidencing CGMT's intent to transfer ownership of the vessel.

In contrast, EBS argues that it acquired ownership of the vessel in 2014 when CGMT's charter was revoked by the Louisiana Secretary of State. To this end, EBS maintains that summary judgment is inappropriate because genuine issues of material fact exist as to the status of CGMT as a business entity and Linda Marra's authority to act on its behalf. EBS also contends that the Court should deny CGMT's motion because a certificate of documentation is non-conclusive proof of ownership. Finally, EBS argues that a bill of sale is not necessary in order to overcome summary judgment because it is not the only method of transferring ownership of a vessel.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the

nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

It is undisputed that the relationship between the parties began as a result of a bareboat charter agreement. "A 'charter' is an arrangement whereby one person (the 'charterer') becomes entitled to the use of the whole of a vessel belonging to another (the 'owner')." *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993). Essentially, a bareboat charter is "tantamount to, though just short of, an outright transfer of ownership," *Guzman v. Pichirilo,* 369 U.S. 698, 700 (1962), and thus, "vest[s] in one person most of the incidents of ownership . . . [of] a vessel, while another retains its general ownership and the right of reversion," *Agrico Chem. Co. v. Ben W. Martin*, 664 F.2d 85, 92 (5th Cir. 1981); *see also Walker*, 995 F.2d at 81 ("[A bareboat] charter requires complete transfer of possession, command, and navigation of the vessel from the owner to the charterer."). It is further undisputed that CGMT owned the MISS ANN at the inception of the bareboat charter agreement. CGMT maintains that its

5

ownership of the MISS ANN has continued to date. EBS, on the other hand, contends that it owns the MISS ANN—specifically, EBS argues that it was the intention of the parties for EBS to acquire ownership of the MISS ANN in 2014 when CGMT's charter was revoked by the Louisiana Secretary of State.[2] Drawing all reasonable inferences in favor of EBS, the Court finds that CGMT has carried its burden of establishing that it is the true and lawful owner of the MISS ANN.

The parties agree that the MISS ANN is a documented vessel as defined by 46 C.F.R. § 67.3. *See* 46 C.F.R. § 67.3 (defining a "documented vessel" as a vessel which is the subject of a valid certificate of documentation).[3] Generally, once a vessel is documented, "*transfers of vessel title must be evidenced by a bill of sale.*" 46 C.F.R. § 67.75(a) (emphasis added). Nevertheless, the regulations provide an exception in situations where "the evidence of title passage required by [the regulation] is a bill

---

[2] The Court finds EBS' argument regarding CGMT's existence and Linda Marra's authority to act on its behalf without merit. During the show cause hearing, EBS disputed whether Linda Marra had the authority to file the instant lawsuit on behalf of CGMT although its charter had been previously revoked by the Louisiana Secretary of State. (Rec. Doc. 31 at 3). CGMT's charter, however, was reinstated before Linda Marra initiated the lawsuit. *Id.* at 6. Thus, in light of the retroactive nature of the reinstatement, and the articles of organization, which listed Linda Marra as the sole manager of the LLC, the Court concluded that "Linda Marra had and continues to have 'full authority to act on behalf of the Company . . . in all matters whether or not in the ordinary course of business.'" (Rec. Doc. 31 at 5); *see also* La. Stat. Ann. § 12:1308.2 ("The certificate of reinstatement and articles of organization shall be *retroactive*, *and the articles of organization shall continue in existence as though the revocation had not occurred*.") (emphasis added).
[3] "A Certificate of Documentation is required for the operation of a vessel in certain trades, serves as evidence of vessel nationality, and permits a vessel to be subject to preferred mortgages." 46 C.F.R. § 67.1.

6

of sale . . . and the applicant is unable to produce a bill of sale." 46 C.F.R. § 67.89(a). In such cases, "the applicant may request that the Director, National Vessel Documentation Center waive the [bill of sale] requirement."[4] *Id.; see also* 46 C.F.R. § 67.75(c) ("An applicant for documentation who cannot produce required title evidence . . . may apply for a waiver of that requirement in accordance with the provisions of § 67.89.").

The record reflects that the first certificate of documentation—issued in 2013—listed R & A as the owner of the vessel. CGMT acquired the vessel the following year via a bill of sale in accordance with 46 C.F.R. 67.75(a). Thereafter, all subsequent certificates of documentation—issued from 2014 to date—reflect CGMT as the vessel owner. *See Kelly v. Porter, Inc.*, 687 F. Supp. 2d 632, 636 (E.D. La. 2010) (noting that a vessel's documentation of title and registry is prima facie, though not conclusive, evidence of ownership). Despite EBS' arguments to the contrary, the record is void of any certificate of documentation which lists EBS as the owner. Furthermore, whereas the record contains a bill of sale conveying ownership of the vessel from R & A to CGMT, absent from the record is a bill of sale, or any other document for that matter, evidencing a transfer of ownership of

---

[4] "No waiver of the requirement to produce a bill of sale . . . may be granted unless the applicant provides: (1) [a] written statement detailing the reasons why an instrument meeting the filing and recording criteria of this part cannot be obtained; and (2) [c]ompetent and persuasive evidence of the passage of title." 46 C.F.R. § 67.89(b).

the vessel from CGMT to EBS. Although the bill of sale requirement may, in certain instances, be waived, the request for a waiver must be made to, and granted by, the Director of the National Vessel Documentation Center. EBS neither alleges that such a request was made, nor cites to any evidence that such a waiver was granted.

Moreover, Linda Marra, the only individual who could act on behalf of CGMT, declared that CGMT never transferred or sold, or intended to transfer or sell, the MISS ANN. More importantly, the statements of Roy White, the former owner of EBS, show that he never intended to transfer ownership of the MISS ANN from CGMT to EBS. In an email sent on January 5, 2017, shortly before his death, Roy White and Linda Marra discussed the possible sale of her 50% ownership interest in the MISS ANN to a third party. In his email, Roy White references "your share" of the vessel and "your half of the boat" when speaking to Linda Marra. As John White admits via declaration, Linda Marra had no ownership interest in EBS; she only had a 50% ownership share of CGMT. Accordingly, the only way that Linda Marra could have any ownership share of the MISS ANN was if the vessel was still owned by CGMT, which the sole owner of EBS recognized immediately prior to his death.

In sum, the record reflects a bill of sale and multiple certificates of documentation listing CGMT as the owner of the vessel. In addition, the statements of Linda Marra—the sole

managing member of CGMT—and the late Roy White—the former sole owner of EBS—dispel EBS' claim of ownership. Despite EBS' conclusory allegation that both parties intended for EBS to acquire ownership of the MISS ANN in 2014, EBS has failed to cite to any evidence whatsoever regarding either party's intent to effectuate such a transfer. A party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. Therefore, because no genuine issue of material fact exists, the Court finds that CGMT is the true and lawful owner of the MISS ANN. No reasonable jury could conclude otherwise.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 46)** is **GRANTED**.

**IT IS FURTHER ORDERED** that CGMT is the true and lawful owner of the MISS ANN and shall be placed in possession of the vessel.

New Orleans, Louisiana, this 31st day of July, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE